JONATHAN W. HARPER

v.

A. R. CORBIN & Co.

*Sales—Beef-Cattle—Failure to Deliver—Tender—Special Interrogatories—Refusal to Submit—Instructions—Amendment—Evidence.*

In an action to recover damages alleged to have been suffered through a failure to deliver beef-cattle according to contract, this court holds as erroneous the refusal of an instruction in behalf of the defendant, touching the stock included in the sale, the terms thereof and of payment, the substance of which was not contained in any instruction given, there being abundant evidence upon which to base the same.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Hancock County; the
Hon. C. J. SCOFIELD, Judge, presiding.

Messrs. O'HARA & SCOFIELD and MANIER & MILLER, for
appellant.

Messrs. D. MACK & SON, for appellees.

WALL, P. J.   The appellees recovered a judgment against
the appellant in the sum of $215, for failure to deliver twenty
head of beef-cattle, according to contract.

The evidence was conflicting as to the terms of the contract.
The cattle were to be delivered in Chicago at $4.90 per
hundred, but appellant claims that appellees were to advance
money enough to cover the entire price, before the cattle
were to leave his farm in Hancock county, and that this price
or value was to be ascertained by weighing the cattle on his
scales, the difference between the home weight and the Chi-
cago weight to be afterward adjusted. . He claims, also, that a
carload of hogs were sold at the same time, which also were
to be paid for on the farm, according to their weight on his
scales, and at the rate agreed on.

Appellees insist that they were not required by the con-
tract to advance the value of the cattle at the rate agreed on
for the home weight, but admit they were to make appellant
safe.. They do not concede that the trade for the hogs was
made at the same time as the cattle trade, or that it had any
connection therewith.

At the hour specified for selecting and weighing the stock,
appellee James Corbin went to the farm of appellant for that
purpose, and on being asked whether he was prepared to pay,
said he was not, but that he had money in bank and could
draw upon it.   Appellant was unwilling to take his check, and
reminded him that he had so stated when the trade was made,
and declined to proceed unless the money was forthcoming.

Corbin demanded the stock, and not getting it, went away;
shortly after, one or two hours, he tendered appellant $1,250,
which appellant refused to accept, and it is now insisted in

his behalf that he was not bound to receive it, because it came too late, and because it was insufficient in amount.   If appellant's version of the contract is correct, the amount was not enough.   Appellees insist that it was ample, because it covered the price of the hogs (about $900, as estimated,) leaving $350, which was margin enough to secure appellant against loss on the cattle, though not enough to include the value of the cattle, either on the farm or in Chicago.

We do not care to discuss the evidence in detail, though we feel constrained to say that, as it appears in the record, we should have been better satisfied with a verdict for the defendant.

We are not unmindful of the consideration that the jury had better means than we of settling the conflict in the evidence, and we are not prepared to say that the proof is in such a condition as to justify a reversal, on the ground that the verdict is not supported by the evidence.

The court refused the following instruction asked by the defendant.

7.   " If the jury believe from the evidence that the sale of twenty head of cattle and sixty-five head of hogs was one transaction, the same to be selected and weighed on the Monday following the contract, by an hour named, and that the plaintiffs were, on such weighing, to receive and pay for the hogs, and advance the contract price of the cattle at their then weight before their shipment, notwithstanding the payment was to be finally made and adjusted by their weight in Chicago, then the jury should find for the defendant, unless they further believe from the evidence that the plaintiffs tendered the defendant, at the time fixed for payment and delivery, or offered to pay him, a sum sufficient to pay for the hogs, and also to pay for the cattle at their first weight."

There was abundant evidence upon which to predicate this instruction, and we do not find that the substance of it is contained in any other that was given.   The fourth instruction given for defendant comes nearer including the hypothesis of this than any other, but it does not contain the element that the money to be advanced should be the contract price at the

home weight. It was error to refuse this instruction. It is urged the court erred in giving instruction No. 1 for plaintiff, because it was based upon a view of the evidence not within the allegations of the declaration. In other words the plaintiff's case, as proved, varied from the declaration. There seems to have been no objection to the admission of the evidence, nor was the attention of the court called to the point in any way, unless it was on the motion for new trial. One of the causes set out in that motion includes this objection to the instruction.

As the case must be remanded, it is unnecessary to pass upon the question thus raised, as the objection can be obviated by amending the declaration on or before another trial.

It is urged the court erred in modifying certain instructions asked by the defendant, and in refusing to submit certain questions to the jury for their special finding thereon.

There was no substantial mistake committed in any of said modifications, but no good reason appears for refusing to submit questions numbers six and seven. Those questions are directly to the point on an important feature of the case, and should be submitted on the next trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*